IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHALIL EL-AMIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1268 |
| | § | |
| OSCAR FLORES and | § | |
| MEGAN HERRIN, | § | |
| | § | |
| Defendants. | § | |

## **VERDICT**

We, the Jury, find in this case, unanimously, as indicated in the answers to the foregoing Questions.

SIGNED at Houston, Texas, on this ___9th___ day of January, 2020.


_____
FOREPERSON OF THE JURY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KHALIL EL-AMIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-17-1268 |
| | § | |
| OSCAR FLORES and | § | |
| MEGAN HERRIN, | § | |
| | § | |
| Defendants. | § | |

## COURT'S INSTRUCTIONS TO THE JURY

**Members of the Jury:**

### General Instructions

Now that you have heard the evidence, my duty is to give you the instructions of the Court on the law that you must apply to this case.  It is your duty as jurors to follow the law as I give it to you in these instructions and to apply these rules of law to the facts you find from the evidence in the case.  You are not to single out one instruction alone as stating the law; rather, you must consider the instructions as a whole.

Regardless of any opinion you may have as to what the law should be, you would violate your sworn duty if you based a verdict upon any view of the law other than that given in the instructions of the Court.  You are therefore not to be concerned with the wisdom of any rule of law stated by the Court.  Similarly, you would violate your sworn duty as judges of the facts if you based

your verdict upon anything other than the evidence in this case. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case. Further, nothing in these instructions to you is made for the purpose of suggesting or conveying to you what verdict I think you should find. You, the Jury, are the sole and exclusive judges of the facts.

Do not let bias, prejudice, or sympathy play any part in your deliberations. All persons are equal before the law and must be treated as equals in a court of justice.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. All of the jurors must agree with all of your answers for you to return a verdict.

Plaintiff has the burden of proving his case by a **preponderance of the evidence**. By this is meant the greater weight and degree of credible evidence before you. In other words, a **preponderance of the evidence** just means the amount of evidence that persuades you that a claim is more likely so than not so. In

2

determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.  If you find that Plaintiff has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

3

You are required to evaluate the testimony of a law enforcement officer as you would the testimony of any other witness. No special weight may be given to his or her testimony because he is a law enforcement officer.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of facts or circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

4

Defendants called as an expert witness Dr. Jay Coons. When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## SPECIAL INSTRUCTION NO. 1

### 42 U.S.C. § 1983 - Excessive Force

As you have previously been instructed, the burden is on Plaintiff to prove every essential element of his claim by a preponderance of the evidence. Plaintiff El-Amin claims that Defendants Oscar Flores and Megan Herrin, while acting under color of authority of the State of Texas as officers of the Harris County Sheriff's Office, subjected Plaintiff to the deprivation of the United States Constitutional right to be free from the use of excessive force during a detention or an arrest.

Section 1983 of Title 42 to the United States Code provides that any citizen may seek redress in this Court by way of damages against a person who, under color of state law or custom, intentionally deprives that citizen of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States. You are hereby instructed that at all relevant times Defendants acted in their official capacity as agents for the State of Texas and accordingly under color of state law.

The Fourth Amendment to the United States Constitution prohibits the use of unreasonable or excessive force while making a detention or an arrest, even when the detention or arrest is otherwise proper. To prevail on his excessive-force claim, Plaintiff must prove each of the following by a preponderance of the evidence:

6

1.   that he suffered an injury;

2.   that the injury resulted directly from the use of force that was excessive to the need; and

3.   that the excessiveness of the force was objectively unreasonable.

An injury may be relatively insignificant or purely psychological if it results from an officer's unreasonably excessive force.

To determine whether the force used was reasonable under the Fourth Amendment, you must carefully balance the nature and quality of the intrusion on Plaintiff El-Amin's right to be protected from excessive force against the government's right to use some degree of physical coercion or threat of coercion to make a detention or an arrest. Not every push or shove, even if it may later seem unnecessary in hindsight, violates the Fourth Amendment. In deciding this issue, you must pay careful attention to the facts and circumstances, including the severity of the crime at issue, whether Plaintiff posed an immediate threat to the safety of Defendants or others, and whether Plaintiff was actively resisting or attempting to evade detention or arrest.

Finally, the reasonableness of a particular use of force is based on what a reasonable officer would do under the circumstances and not on either Defendant Flores's or Defendant Herrin's state of mind. You must decide whether a reasonable officer on the scene

7

would view the force as reasonable, without the benefit of 20/20 hindsight.   This inquiry must take into account the fact that police officers are sometimes forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation.

If you find that Plaintiff has proved by a preponderance of the evidence that the force used by Defendant Flores was objectively unreasonable, then Defendant Flores violated Plaintiff's Fourth Amendment protection from excessive force and you must then consider (1) whether Defendant Herrin also violated Plaintiff's Fourth Amendment rights by failing to intervene and (2) whether Defendants are entitled to qualified immunity, which is a bar to liability that I will explain later.   If Plaintiff failed to prove by a preponderance of the evidence that the force used by Defendant Flores was objectively unreasonable, then the force was not unconstitutional, and your verdict will be for Defendants on the excessive-force claim.

## **QUESTION NO. 1**

Do you find from a preponderance of the evidence that Plaintiff El-Amin suffered an injury?

Answer "Yes" or "No":

ANSWER: ___Yes_____

## QUESTION NO. 2

Do you find from a preponderance of the evidence that the injury, if any, suffered by Plaintiff El-Amin resulted directly from Defendant Oscar Flores's use of force that was excessive to the need?

Answer "Yes" or "No":

ANSWER: __Yes__

If you answered "Yes" to Question No. 2, then proceed to Question No. 3.   If you answered "No" to Question No. 2, then answer no further questions and your Foreperson may sign and date the Verdict form.

10

## QUESTION NO. 3

Do you find from a preponderance of the evidence that the excessiveness of the force used by Defendant Flores was objectively unreasonable?

Answer "Yes" or "No":

ANSWER: _____No_____

If you answered "Yes" to Question No. 3, then proceed to Special Instruction No. 2 and the remaining questions.  If you answered "No" to Question No. 3, then answer no further questions and your Foreperson may sign and date the Verdict form.

## SPECIAL INSTRUCTION NO. 2

### Failure to Intervene

Plaintiff also alleges that Defendant Herrin violated Plaintiff's Fourth Amendment rights by failing to intervene and stop the use of unreasonable force against him by Defendant Flores. An officer who is present at the scene and does not take reasonable measures to protect a suspect or detainee from another officer's use of excessive force may be liable under Section 1983. To establish liability on this basis, Plaintiff must prove by a preponderance of the evidence that Defendant Herrin (1) knew that Defendant Flores was violating Plaintiff's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3) chose not to act.

Lack of authority to control another officer does not preclude liability for an officer who observes the other officer's use of excessive force and acquiesces in it.

## **QUESTION NO. 4**

Do you find from a preponderance of the evidence that Defendant Herrin knew that Defendant Flores was using unreasonable force against Plaintiff and had a reasonable opportunity to prevent the harm but chose not to act?

Answer "Yes" or "No":

ANSWER: _____

## SPECIAL INSTRUCTION NO. 3

### Qualified Immunity

If you find that Plaintiff has proved each essential element of his claim against one or both Defendants, you must consider whether Defendants are entitled to what the law calls "qualified immunity." Qualified immunity bars a defendant's liability even if he violated a plaintiff's constitutional rights. Qualified immunity exists to give government officials breathing room to make reasonable but mistaken judgments about open legal questions. Qualified immunity provides protection from liability for all but the plainly incompetent government officers, or those who knowingly violate the law. It is Plaintiff's burden to prove by a preponderance of the evidence that qualified immunity does not apply in this case.

Qualified immunity applies if a reasonable officer could have believed that Defendant Flores's use of force against Plaintiff or Defendant Herrin's failure to intervene in Defendant Flores's use of force was lawful in light of clearly established law and the information each Defendant possessed at the time. But Defendants are not entitled to qualified immunity if, at the time of Defendants' use of force and failure to intervene, a reasonable officer with the same information could not have believed that his/her actions were lawful. Law enforcement officers are presumed

14

to know the clearly established constitutional rights of individuals they encounter.

In this case, the clearly established law at the time was that a law enforcement officer could use reasonable force necessary (1) to detain a person during an investigation or (2) to arrest a person suspected of committing a crime.  To determine whether the force used to effect that detention or arrest was reasonable, you should consider facts such as the severity of the possible crime at issue, whether the suspect posed an immediate threat to the safety of officers or others, and whether the suspect was actively resisting detention or arrest.

After considering the scope of discretion and responsibility generally given to law enforcement officers in performing their duties and after considering all of the circumstances of this case as they would have reasonably appeared to Defendants at the time Defendant Flores used force against Plaintiff El-Amin, if you find that Plaintiff proved that no reasonable officer could have believed that the use of force was lawful, then your verdict must be for Plaintiff.  But if you find that Plaintiff failed to prove that no reasonable officer could have believed that Defendant Flores's use of force was lawful, then Defendants are entitled to qualified immunity, and your verdict must be for Defendants.

15

## QUESTION NO. 5

Do you find from a preponderance of the evidence that no reasonable officer knowing the information known by Defendants could have believed that Defendant Flores's use of force against Plaintiff Khalil El-Amin was lawful?

Answer "Yes" or "No":

ANSWER: _____

If you answered "Yes" to Question No. 5, then proceed to Special Instruction No. 4 and the remaining questions. If you answered "No" to Question No. 5, then answer no further questions and your Foreperson may sign and date the Verdict form.

16

## SPECIAL INSTRUCTION NO. 4

### Damages

If Plaintiff El-Amin has proven his claims against Defendants by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled.  You should not interpret the fact that I have given instructions about Plaintiff's damages as an indication in any way that I believe Plaintiff should, or should not, win this case.  It is your task first to decide whether Defendants are liable to Plaintiff.  I am instructing you on damages only so that you will have guidance in the event you decide that one or both of Defendants is liable and Plaintiff is entitled to recover money from him/her.

If you find that Defendant Flores and/or Defendant Herrin is liable to Plaintiff El-Amin, then you must determine an amount that is fair compensation for all of Plaintiff's damages.  These damages are called compensatory damages.   The purpose of compensatory damages is to make a Plaintiff whole--that is, to compensate a Plaintiff for the damage that Plaintiff has suffered.  If Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering that he has sustained because of Defendants' conduct.

You may award compensatory damages only for physical injuries that Plaintiff proves were caused by Defendants' allegedly wrongful conduct.  The damages that you award must be fair compensation for

17

all of Plaintiff's physical pain, no more and no less.  Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendants.  You should not award compensatory damages for speculative injuries, but only for those injuries which Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.  You may award damages for any bodily injury that Plaintiff sustained and any physical pain and suffering to the extent that you find that Plaintiff has proved such by a preponderance of the evidence.  No evidence of the value of intangible things such as physical pain and suffering has been or need be introduced.  You are not trying to determine value, but an amount that will fairly compensate Plaintiff for the damages he has suffered.  There is no exact standard for fixing the compensation to be awarded for these elements of damage.  Any award that you make should be fair in the light of the evidence.

18

## QUESTION NO. 6

What sum of money, if paid now in cash, do you find from a preponderance of the evidence would fairly and reasonably compensate Plaintiff El-Amin for his injury, if any, that resulted from the violation of his constitutional rights by one or both Defendants?

Answer in dollars and cents, if any.

Answer: $_____

If you answered "Yes" to each of Question Nos. 1 through 5, then both Defendants are liable for Plaintiff's injury and you must answer Question No. 7 on the next page to determine each Defendant's proportionate liability. Otherwise, skip directly to Special Instruction No. 5 on page 21 and Question Nos. 8 and 9.

## **QUESTION NO. 7**

What percentage of responsibility for Plaintiff's injury is attributable to each Defendant?

Assign a percentage to each Defendant you have found liable. The percentages must be expressed in whole numbers and must total 100 percent.

Defendant Oscar Flores: _____%

Defendant Megan Herrin: _____%

Total:                100%

## SPECIAL INSTRUCTION NO. 5

### Punitive Damages

In addition to compensatory damages considered above, Plaintiff also seeks punitive damages. You may award punitive damages against a Defendant whom you have found liable for Plaintiff's injury if you find that Plaintiff El-Amin has proved by a preponderance of the evidence that such Defendant acted with malice or with reckless indifference to the rights of others. One acts with malice when one purposefully or knowingly violates another's rights or safety. One acts with reckless indifference to the rights of others when one's conduct, under the circumstances, manifests a complete lack of concern for the rights or safety of another.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiff El-Amin has been made whole by compensatory damages, so punitive damages should be awarded only if Defendants' misconduct is so

reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence.

If you decide to award punitive damages, the following factors should guide you in fixing the proper amount:

1.    the reprehensibility of Defendants' conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury; and

2.    the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim.

You may consider the financial resources of Defendants in fixing the amount of punitive damages.

## QUESTION NO. 8

As to each Defendant whom you have found liable for Plaintiff's injury, do you find from a preponderance of the evidence that such Defendant acted with malice or reckless indifference to the rights of others in violating Plaintiff El-Amin's rights?

Answer "Yes" or "No" as may be applicable.


Defendant Oscar Flores:

Answer: _____


Defendant Megan Herrin:

Answer: _____


If you answered "Yes" as to either or both Defendants in Question No. 8, then proceed to Question No. 9.  If you answered "No" as to both Defendants, then you have completed your work and your Foreperson may sign and date the Verdict form.

23

## QUESTION NO. 9

What sum of money, if any, should be assessed as punitive damages against each Defendant as to whom you answered "Yes" in Question No. 8?

Answer in dollars and cents, if any, or "none" as to each Defendant:


Defendant Oscar Flores:

Answer: _____


Defendant Megan Herrin:

Answer: _____

## **Final General Instructions**

**The Verdict:**

Your verdict must represent the considered judgment of each juror. In order to return a verdict, your answers and your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors.   In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous, but do not surrender your honest convictions as to the weight or effect of the evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Any notes that you have taken during this trial are only aids to your memory.  If your memory differs from your notes, you should rely on your memory and not on the notes.   The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

25

When you retire to the jury room to deliberate on your verdict, you should first select one of your number to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson here in court.

If, during your deliberations, you should desire to communicate with the Court, please express your message or question in writing signed by the Foreperson, and pass the note to the courtroom deputy who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you return to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at that time.

Remember at all times you are not partisans. You are judges --judges of the facts. Your sole interest is to seek the truth from the evidence in this case.

SIGNED at Houston, Texas, on this _8 TH_ day of January, 2020.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE